WM. R. KENAN, JR., and SCOTT M. LOFTIN, as Receivers of Florida East Coast Railway, Plaintiff in Error, v. SHERMAN AUSTIN, Defendant in Error.

1 So. (2nd) 174
Special Division B
Opinion Filed March 14, 1941
Rehearing Denied April 7, 1941

*Russell L. Frink* and *Loftin, Calkins, Anderson & Scott*, for Plaintiff in Error;

*Albert S. Dubbin* and *Knight & Green*, for Defendant in Error.

PER CURIAM.—Sherman Austin was injured in a crossing accident at the intersection of the Florida East Coast Railway and 36th Street in the City of Miami. He brought this action to recover damages for personal injuries and the loss of his automobile which was completely wrecked. A trial resulted in a verdict and judgment in his favor for $15,000, to which this writ of error was prosecuted.

Plaintiff in error contends that the accident was due solely to contributory negligence on the part of Austin and that the trial court erred in refusing to direct a verdict for defendant.

The answer to this question turns on the interpretation of the evidence. The record discloses that the intersection of 36th Street and the Florida East Coast Railway where the accident took place is crossed and frequented by more people and vehicles than most of the thoroughfares in the city. At such a crossing, the degree of care imposed on the public and the railroad company to avoid accidents is much greater than at a country crossing where danger is not so liable.

The accident appears to have been caused by the plaintiff getting caught in a traffic jam induced by congestion incident to a switching train blocking the crossing for a brief period. Dozens of cars were traversing the crossing and the car of the plaintiff had not quite cleared the track, it having stopped before the rear wheels cleared because there was another car immediately in front of it that it could not

pass. The hurry to cross was such and the number involved so great, that pandemonium prevailed making the exercise of due care more complex though the evidence shows conclusively that the plaintiff did not exercise the degree of care imposed on him under the circumstances. He was, however, not altogether responsible for the peril he found himself in. We are conscious of the demand of the public on the railroad companies for speed and efficiency and that such demand should be met at the same time a crossing of the character of the one in question is a constant danger and must be approached by everyone concerned with great caution.

The evidence on all material points is as usual in such cases in conflict but it is a case in which damages should be apportioned if both parties are shown to have been negligent. Plaintiff contends that he suffers from loss of memory, loss of taste, severe headaches, and loss of the power to coördinate his faculties but the evidence fails to. show that any of these were a result of his injuries or that if so, any of them were permanent. A verdict the size of that under review must be predicated on something more than guess and speculation.

On the whole showing made, we have concluded that justice requires that the cause be reversed and a new trial awarded. Reversed.

BROWN, C. J., WHITFIELD, TERRELL, and CHAPMAN, J. J., concur.